IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

GREGORY FARMER                                                                      PLAINTIFF

vs.                                                                       No. 2:05CV161-D-B

ST. PAUL FIRE & MARINE
INSURANCE COMPANY                                                                   DEFENDANT

OPINION DENYING MOTION TO REMAND

Presently before the court is the Plaintiff's motion to remand this matter to the Circuit Court of Bolivar County, Mississippi. Upon due consideration, the court finds that the motion should be denied because diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a).

*A. Factual and Procedural Background*

In August of 2000, the Plaintiff was injured when he stepped into a hole on the grounds of the Bolivar County Courthouse in Rosedale, Mississippi. Thereafter, on January 10, 2002, the Plaintiff filed a complaint in the Circuit Court of Bolivar County, naming Bolivar County as the sole defendant. Later, on January 13, 2003, the Plaintiff filed a motion seeking to amend his complaint to add St. Paul Fire and Marine Insurance Company (St. Paul) as a defendant to his state court suit. The court ultimately denied this motion and dismissed the Plaintiff's claims, a decision the Plaintiff appealed. On March 8, 2005, the Mississippi Court of Appeals reversed the trial court and remanded the case. Thereafter, on May 3, 2005, the Plaintiff filed an amended state court complaint, adding St. Paul as a Defendant to his action against Bolivar County. St. Paul then filed a motion to sever, alleging that the Plaintiff had misjoined his claims against St. Paul with his claims against Bolivar County. The state court granted St. Paul's motion to sever on July 25, 2005. A new case number was then assigned to the Plaintiff's action against St. Paul, thus commencing this action on July 25,

2005. St. Paul then removed this action to this court on August 19, 2005, based upon federal diversity jurisdiction. The Plaintiff has now filed a motion to remand this case to state court.

*B. Standard for Remand*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L. Ed. 1214 (1941).

In the case *sub judice*, the parties agree that the amount in controversy exceeds $75,000 and is between citizens of different states. At issue is the provision in 28 U.S.C. § 1446(b) which provides, in pertinent part, that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than one year after commencement of the action." 28 U.S.C. § 1446(b).

*C. Discussion*

The Plaintiff advances two arguments in support of his motion to remand. First, that the Defendant's removal of this cause occurred beyond the one-year time limit after commencement of an action that 28 U.S.C. § 1446(b) permits defendants to remove actions to federal court on the basis of diversity jurisdiction, and second, that the "voluntary-involuntary" rule does not permit this action to be removed. The court finds that the Plaintiff's arguments are without merit, and thus the motion to remand shall be denied.

First, as to the one-year time limit for removal of actions to federal court based on diversity jurisdiction, the Defendant clearly removed this action within one year of its commencement. As the Fifth Circuit has held, "severance . . . creates two separate actions or suits where previously there was but one. When a single claim is severed out of a suit, it proceeds as a discrete, independent action . . ." United States v. O'Neil, 709 F.2d 361, 368 (5th Cir. 1983). Thus, the court finds that the state court's severance of the Plaintiff's claims against St. Paul from the original action into a separate and new action restarted Section 1446(b)'s one-year time limit for removal of diversity actions on July 25, 2005; the action was then removed by the Defendant on August 19, 2005, thus easily satisfying the one-year time limit. See also Crump v. Wal-Mart Group Health Plan, 925 F. Supp. 1214 (W.D. Ky. 1996).

Next, the Plaintiff asserts that the voluntary-involuntary rule prevents removal of this action. The voluntary-involuntary rule provides that a state court case that is non-removable on its initial pleadings can only subsequently become removable pursuant to a voluntary act of the plaintiff. Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006); Phillips v. Unijax, Inc., 625 F.2d 54, 56 (5th Cir. 1980); Weems v. Louis Dreyfus Corp., 380 F.2d 545, 547 (5th Cir. 1967);

see Horton v. Scripto-Tokai Corp., 878 F. Supp. 902, 907 (S.D. Miss. 1995) ("An action not removable as originally filed must remain in state court unless the plaintiff does something voluntarily to change the nature of the case and render it removable."). In other words, under the voluntary-involuntary rule, when the change in circumstances in a case that creates federal diversity jurisdiction does not result from a voluntary act of the plaintiff, the action is not removable under section 1446(b) to federal district court. Weems, 380 F.2d at 547-48.

Here, the voluntary-involuntary rule does not apply because this case was not non-removable on its initial pleadings. The action was commenced on July 25, 2005, when it was assigned a new civil action number by the state court; the action was removable as of that date, thus rendering the voluntary-involuntary rule inapplicable. In addition, as recently noted by the Fifth Circuit in Crockett, "removal on the basis of an unappealed severance, by a state court, of claims against improperly joined defendants is not subject to the voluntary-involuntary rule." Crockett, 436 F.3d at 533.

In sum, the court finds that federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 exists. The matter in controversy exceeds the sum of $75,000, and is between citizens of different states. As such, this court possesses subject matter jurisdiction to adjudicate this cause and the Plaintiff's motion to remand shall be denied.

A separate order in accordance with this opinion shall issue this day.

This the 24th day of April 2006.

/s/ Glen H. Davidson
Chief Judge